# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE N. BROSNAHAN, an individual,<br><br>                              Plaintiff,<br>   vs.<br><br>JON R. POZGAY, an individual,<br><br>                              Defendant. | CASE NO. 06cv2195 DMS (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 7] |

This matter comes before the Court on Defendant Jon R. Pozgay's motion to dismiss for failure to join indispensable parties under Fed.R.Civ.P. 19. On December 8, 2006, Plaintiff Katherine N. Brosnahan filed her opposition, and Defendant filed his reply on December 15, 2006. The matter was heard on January 5, 2007, at which time Plaintiff was represented by counsel and Defendant appeared *pro se*. Having considered the arguments and papers submitted by the parties, the Court GRANTS Defendant's motion to dismiss.

## I.
## BACKGROUND

This case involves a debt collection matter between family members. Plaintiff Katherine N. Brosnahan (a.k.a. Kate Spade) is Defendant's former sister-in-law, *i.e.*, Defendant was married to Plaintiff's sister Michele (Pozgay) Brosnahan. While Defendant and Michele were married, Plaintiff

and her husband Andrew Spade lent them money on three separate occasions, totaling $345,000. The complaint alleges on June 15, 1999, in exchange for $25,000, Defendant signed a note promising to pay Plaintiff "upon demand" the borrowed sum plus interest at the annual rate of nine percent. (Complaint at 1.) On June 28, 1999, Defendant signed a second promisory note for an amount of $20,000. (*Id.* at 2.) On October 12, 1999, Defendant signed the third promisory note for $300,000. (*Id.*) Both the second and third promissory notes contain the same terms as the first note. On June 28, 2006, Plaintiff demanded that Defendant make payments on all the notes. (Complaint at 2.) On July 20, 2006, Defendant informed Plaintiff he was not liable for the promissory notes.

Defendant's moving papers state the following relevant facts. The promissory notes were made in Phoenix, Arizona and are payable jointly to the order of "Andrew and Kate Spade." (Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss by Reason of Failure to Join Indispensable Parties ("Motion") at 2.) At the time the "monies were paid and promissory notes executed, Defendant was married to" Michele. (*Id.* At 3.) As such, if the notes are valid and enforceable they are, according to Defendant, "community obligations." (*Id.*) "No part of the alleged transactions took place in California," and no interested parties resided in California when the transactions took place. (*Id.* at 3.) Michele resides in Arizona, and Plaintiff and her husband reside in New York. (*Id.* at 4.) Defendant and Michele resided in Arizona during the entirety of their 26 year marriage. Defendant was served with this action at his condominium rental in Del Mar, California, although he lives in Nevada. (*Id.*)

In 2003, Michele initiated divorce proceedings in Maricopa County, Arizona. (Motion at 3.) During the proceedings, Defendant and Michele entered into a stipulation making Michele solely responsible for the promissory notes at issue, in return for Defendant's quitclaim of his interest in the community residence. (*Id.* at 3-4.) On May 30, 2006, the stipulation was confirmed by the arbitrator retained to adjudicate the divorce. (*Id.* at 4.) At the hearing in this matter, Defendant represented that the divorce would be finalized within a matter of days, and that Michele had prepared an order for the Arizona court to sign confirming that Michele alone bears responsibility for the notes in question.

/ / /

/ / /

## II.

## DISCUSSION

**A.     LEGAL STANDARD**

A rule 12(b)(7) motion to dismiss for failure to join a party will be granted only if the court determines: (1) joinder of the party is not possible, and (2) the party is "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). "To determine whether a party is "indispensable" under Fed.R.Civ.P. 19, a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; if [the party is necessary but] cannot be joined, then the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).[1]

An absent party is "necessary" under Rule 19(a) when:

> (1) in the person's absence relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).  If a necessary party cannot be joined, the court must consider four factors under Rule 19(b) to determine if that party is indispensable to the litigation::

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).  "The moving party has the burden of persuasion in arguing for dismissal." *Id.*

**B.     Failure to Join An Indispensable Party Warrants Dismissal**

Defendant argues Michele is "an indispensable party who must be joined for the action to proceed." (Motion at 6.) It is undisputed Michele cannot be joined because this Court does not have

---

[1] "Necessary"refers to a party who should be joined if feasible.  "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. *Disables Rights Action Committee v. Las Vegas Events, Inc.,* 375 F.3d 861, 867, n. 5 (9th Cir. 2004).

personal jurisdiction over her. (*Id.*) Therefore, according to Defendant, the action must be dismissed. (*Id.*)

### 1. Rule 19(a) – Necessary Party

To determine if a party is a necessary, the court must engage in a two-part analysis. *Makah Indian Tribe*, 910 F.2d at 558. First, the court must decide if "*complete relief* is possible among those already parties to the suit." *Id.* (emphasis in original.) Next, the court must "determine whether the absent party has a *legally protected interest* in the suit," and, if so, "whether that interest will be *impaired or impeded* by the suit." *Id.* (emphasis in original.) "The court must also determine whether *risk of inconsistent rulings* will affect the parties present in the suit." *Id.* at 559 (emphasis in original). If complete relief is not possible, the absent party has a legally protected interest that will be impaired, or if the disposition of the action risks subjecting a party already present in the suit to inconsistent rulings, the absent party is a party that should be joined if feasible.

Defendant contends complete relief cannot be afforded as Arizona community property law requires that Michele be joined in the action. To obtain a judgment against community property in Arizona, both spouses must be named. *See* A.R.S. § 25-215.D. In response, Plaintiff points out that section 25-215.D only requires both spouses to be named if the plaintiff seeks a judgment against community assets. (*Id.* at 3.) Plaintiff contends she is not seeking a judgment against the community but only against Defendant Pozgay's separate assets, thus she need not join Michele. Plaintiff also argues complete relief is possible because such relief only concerns "the 'relief as between the persons already parties, not as between a party and absent person whose joinder is sought.'" (Opposition at 5.) According to Plaintiff, "[t]he possibility that Pozgay and Michele may subsequently litigate the ultimate liability on the promissory notes does not make Michele a necessary party." (*Id*.) In support, Plaintiff cites case law holding that "mere indemnitors are never necessary parties." (*Id.* at 3.)

The problem with this argument is that the circumstances indicate Defendant and Michele are co-obligees on the notes, as the notes – while signed by Defendant alone – were entered into during the couple's marriage. The disposition of assets by the Arizona family court is consistent with a determination that the debt is a community obligation. In other words, given the community nature of the debt, it appears Michele assumed sole responsibility for the debt in exchange for sole ownership

of the couple's residence. The facts, therefore, suggest complete relief is unavailable in Michele's absence. *See Nike, Inc. V. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 991 (9th Cir. 1994) (joint obligees are indispensable in action to enforce obligation).

In addition, Michele is a necessary party because she has a legally protected interest that Defendant cannot adequately represent. Plaintiff does not dispute that Michele has stipulated she is solely responsible for the promissory notes. Therefore, Michele clearly has an interest in the subject matter of the action. Plaintiff, however, argues Defendant is capable of representing Michele's interest because her interest in defeating liability is aligned with Defendant's interest. This argument overlooks the inherent conflict of interest at issue. Defendant and Michele have recently divorced, and Defendant contends there are facts relevant to the transactions beyond his knowledge, as the "subject notes were prepared and delivered . . . at the insistence of Michele almost three years after the subject monies were provided." (Reply at 8.) Under these circumstances, the Court cannot assume Defendant's interest are aligned with Michele's and that Defendant would zealously defend Michele's interest. Accordingly, Michele has a legally protected interest in the suit and should be joined under Rule 19(a).

### 2. Rule 19(b) – Indispensable Party

Because this Court lacks personal jurisdiction over Michele, it must determine whether in "equity and good conscience" the case should be dismissed under Rule 19(b). This inquiry requires the Court to balance the four competing factors set forth above. Each factor is addressed in turn.

First, if the action is allowed to proceed without Michele as a party, both Defendant and Michele will be prejudiced. A judgment against Defendant would make Michele liable in Arizona to indemnify Defendant without an opportunity to defend the merits of this claim in this action. In addition, Defendant would have to expend additional resources pursuing an indemnity action in Arizona. Second, relief cannot be tailored to lessen the prejudice identified, because there is no way to ensure Michele's interests would be adequately represented in this action, short of joining her in the suit. Third, while Plaintiff suggests Defendant may seek indemnity against Michele in Arizona for any judgment entered against him by this Court, this suggestion invites the Court to ignore the substantial legal developments in Arizona, let alone the obvious interests the State of Arizona has in resolving this

1 dispute. Finally, "[a] critical consideration under Rule 19(b) is the availability or unavailability of
2 an alternative forum." *Pasco Intern. (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496 (7th Cir. 1980);
3 *see also Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir. 1978) ("whether a judgment rendered
4 in the person's absence will be adequate and whether the plaintiff will have an adequate remedy if the
5 action is dismissed for nonjoinder" are "the most relevant factors proposed by Rule 19(b)" and the
6 "most weighty . . ."). Arizona is the appropriate forum for adjudicating this action. It is easily
7 accessible to all parties: Plaintiff, although a resident of New York, periodically visits Arizona;
8 Defendant and Michele were married in Arizona; and Michele resides there. Moreover, all
9 transactions took place in Arizona, and Arizona law governs the terms of the promissory notes as well
10 as the divorce decree. Accordingly, this Court concludes in "equity and good conscience," the action
11 should be dismissed for failure to join an indispensable party, and that the public interest would be
12 best served by adjudicating the action in Arizona.

### III.
### CONCLUSION

For these reasons, Defendant's Motion to Dismiss is GRANTED. The Clerk shall close the file.

**IT IS SO ORDERED**

DATED: January 17, 2007

HON. DANA M. SABRAW
United States District Judge

cc:  all parties
     Judge Stormes